**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | **)** | |
| | **)** | |
| **Plaintiff,** | **)** | |
| | **)** | |
| **vs.** | **)** | **Case No. 18-CR-251-CVE** |
| | **)** | |
| **CHRISTOPHER R. PARKS,** | **)** | |
| **GARY ROBERT LEE,** | **)** | |
| **JERRY MAY KEEPERS,** | **)** | |
| | **)** | |
| **Defendants.** | **)** | |

**MOTION OF DEFENDANT CHRISTOPHER R. PARKS
TO DISMISS COUNT TWENTY-FIVE (25) OF THE SUPERCEDING INDICTMENT
FOR IMPROPER MULTIPLICITY**

The defendant, Christopher R. Parks ("Mr. Parks") moves to dismiss Count Twenty-Five (25) of the Superceding Indictment for improper multiplicity. In support of this motion, Mr. Parks states as follows:

**INTRODUCTION**

Mr. Parks and his co-defendant, Gary Robert Lee ("Dr. Lee") are charged only in Counts 1 and 25 of the Indictment. In each of those counts, they are charged with allegedly separate conspiracies to violate the law. The essence of each of those counts is the allegation that they paid bribes/kickbacks to physicians to induce the physicians to write prescriptions to be filled by their pharmacies which, the indictment alleges, was done to defraud government healthcare programs.

The third defendant in the case, Jerry Keepers ("Dr. Keepers"), is charged in Counts 1 and 25 of the Indictment. He is also charged in Counts 2 through 24 of the Superceding which do not charge Mr. Parks or Dr. Lee. The fourth defendant in this case, Krishna Balarama

Parchuri ("Dr. Parchuri") is charged in Counts 1 and 25.  Dr. Parchuri is also charged in Counts

26 through 32 which do not charge Mr. Parks or Dr. Lee.  The nature of the allegations in Counts

2-24 against Dr. Keepers and in Counts 26-32 against Dr. Parchuri are not material to the

consideration of this motion, however, the fact that they are charged in Counts 1 and 25 is

material to the following analysis.

## ANALYSIS OF COUNT ONE OF THE INDICTMENT

**A.  The Purpose of the Conspiracy.**  Count One (1) of the Indictment alleges that the

defendants conspired to pay bribes to physicians to allow them to cheat government healthcare

programs.  Count One (1) alleges the following "purpose of the conspiracy."

> The purpose of the Conspiracy was to unlawfully enrich the Conspirators, including
> **PARKS, LEE, KEEPERS, and PARCURI** at the expense of the United States
> Treasury and private insurers, through the corrupt practice of bribing physicians to
> write prescriptions for expensive compounded drugs and to submit those prescriptions
> to pharmacies controlled and operated by **PARKS and LEE,** thereby enabling the
> Conspirators to submit large claims[1] for payment of the costly prescriptions to various
> Federal health care programs and private insurers, and to divide among the
> Conspirators the profits from the federally-paid and insurance-paid claims.

*Superceding Indictment* ¶ 2.

**B.  The Means of the Conspiracy.** As set forth in the Superceding Indictment, the

"means of the conspiracy," that is, the way by which the conspiracy is alleged to have been

committed, is long and rambling with detailed descriptions of government healthcare programs.

---

[1]   The government is in error in its allegation that the defendants submitted "large"
claims for payment.  At no time did the defendants' pharmacies submit claims for payment in any
amount whatsoever.  The defendants simply identified the ingredients and the amount of the
ingredients in their compounded prescriptions and accepted whatever amount the healthcare
programs allowed for the ingredients/prescriptions.  The healthcare programs, not the defendants,
set the reimbursement amounts.

It covers 41 paragraphs and alleges a means by which the defendants allegedly enriched themselves by virtue of the operations of Mr. Parks' and Dr. Lee's pharmacies.

**C. The Overt Acts.** The Indictment alleges 59 overt acts. Each of those acts consists of making payments to Dr. Keepers or to Dr. Parchuri. There are no other overt acts alleged.

## ANALYSIS OF COUNT TWENTY-FIVE OF THE SUPERCEDING INDICTMENT

**A. The Purpose of the Conspiracy.** According to the Superceding Indictment, the allegation concerning the purpose of the conspiracy in Count 25 simply re-alleges/incorporates the allegations of paragraph 2 from Count 1 of the Superseding Indictment. In other words, the Indictment alleges that the purpose of the alleged conspiracy in Count 25 is identical to that alleged in Count 1.

### THE PURPOSE OF THE CONSPIRACY

57.     The allegations of Paragraph 2 of this Indictment are incorporated herein by reference.

**B. The Means of the Conspiracy.** Likewise, it is beyond any question that the alleged means of the conspiracy and the overt acts committed to achieve the means of the conspiracy in Count 25 are also identical to those alleged in Count 1. Paragraphs 58 and 59 of the Indictment state as follows:

### MANNER AND MEANS OF THE CONSPIRACY

58. The manner and means by which the Health Care Conspirators sought to accomplish the purposes of the conspiracy are set forth in Paragraphs 3 through 52 of this Indictment, which are incorporated herein by reference.

### The Scheme to Defraud

59. The scheme and artifice to defraud Federal health care programs is set forth in paragraphs 3 through 52 of this Indictment, which are incorporated herein by reference.

3

According to the foregoing analysis of the conspiracies alleged in Counts 1 and 25, it is readily apparent that the purposes of the conspiracies, the means of the conspiracies and the overt acts used to commit the conspiracies are identical. The only difference in the allegations of the two conspiracies are that the government alleges that they violated two different, but equally general conspiracy statutes. In other words, there is no factual difference between the allegations of Counts 1 and 25. The only alleged differences are purely the legal effect of the acts committed by the defendant in that the government alleges that the acts violated two different statutes. This distinction is insufficient to overcome this motion to dismiss Count 25 for multiplicity.

## ARGUMENTS AND AUTHORITIES

Multiplicity refers to multiple counts of an indictment which cover the same criminal behavior. *United States v. Barrett,* 496 F. 3d 1079, 1095 (10th Cir. 2007). The danger inherent in multiplicitous counts is that, if convicted, the defendant will receive multiple sentences for the same conduct in violation of the Double Jeopardy Clause. *United States v. McCullough,* 457 F. 3d 1150, 1162 (10th Cir. 2006).

The general rule as to whether separate counts are multiplicitous is set forth in *Blockburger v. United States,* 284 U.S. 299, 304 (1932). There, the Court stated that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."

Conspiracies, however, do not lend themselves to such a simple analysis because the essence of a conspiracy is an "agreement." The Tenth Circuit has stated that the "same evidence" test is inadequate in cases alleging multiple conspiracies. *United States v. Puckett,* 692 F.2d 663,

4

668 (10th Cir., 1982) ("While we adhere to the same evidence test, we recognize that it has been criticized in recent years as an inadequate measurement of double jeopardy when applied to multiple prosecutions for conspiracy charges.")

Accordingly, the question is whether there were two agreements or a single agreement. As stated in *Ward v. United States,* 694 F. 2d 654, 661 (11th Cir. 1983):

> When the charges alleged to be multiplicitous are overlapping or similar conspiracies, however, the issue is more complex, and depends primarily upon whether the separate conspiracies alleged are each based on a general federal conspiracy statute...or instead are based on separate provisions outlawing specific types of conspiracies. When . . . separate conspiracies are both founded upon a general conspiracy statute, the relevant inquiry is whether there existed more than one agreement to perform some illegal act or acts.

In *United States v. Powell,* 894 F. 2d 895 (7th Cir. 1990), the Court was required to examine whether a two-conspiracy indictment was multiplicitous. In doing so, it stated the following:

> In the key case in this area, *United States v. Castro,* 629 F.2d 456 (7th Cir. 1980), we said:
>
> In proving that the first and second alleged conspiracies are one, a defendant traditionally has been required to meet the "same evidence" test, that is, to show that the evidence required to support conviction in one of the prosecutions would have been sufficient to support a finding of guilt in the other prosecution.... ***This test, however, would seldom prevent multiple prosecutions in narcotics conspiracy cases, such as this one, because the Government can shape the overt acts charged in each indictment and thus, under the guise of prosecutorial discretion, advance the proposition of one conspiracy's being capable of proof in several [counts of the same indictment] requiring different evidence for each conviction. To determine whether a conspiracy has been subdivided arbitrarily, ... courts therefore will look to both the [indictment] and the evidence and consider such factors as whether the conspiracies involve the same time period, alleged co-conspirators and places, overt acts, and whether the two conspiracies depend upon each other for success.*** Where several of these factors are present, the conclusion follows that the alleged illegal combinations are not separate and distinct offenses. *Id.* at 461 (citations omitted). *See also United States v. Dempsey*, 806 F.2d 766, 767-68 (7th Cir.1986), cert. denied, 481 U.S. 1014, 107 S.Ct. 1889, 95 L.Ed2d 497 (1987); *United States v. Chiattello*, 804 F.2d 415, 418 (7th Cir1986); *United States v. Cerro*, 775 F.2d 908, 913 (7th Cir.1985); *United States v West*, 670 F.2d 675, 681 (7th Cir.), cert. denied, 457 U.S. 1124, 102 S.Ct. 2944, 73 L.Ed.2d 1340 (1982). Other circuits also have

considered whether the indictments (or the different counts thereof) charge the same statutory offenses. *United States v. Sinito*, 723 F.2d 1250, 1256 (6th Cir.1983), cert. denied, 469 U.S. 817, 105 S.Ct. 86, 83 L.Ed.2d 33 (1984) (collecting cases).

In this case, Counts One and Two of the indictment are multiplicitous under the Castro test. First, the time periods alleged in Counts One and Two of the indictment overlap completely. Count One alleges a conspiracy from May 1, 1987 to May 26, 1988, and Count Two alleges a conspiracy from August, 1987, to May 26, 1988. [2] There is no evidence establishing that in August of 1987, Powell and Heet entered into a new, separate, and distinct agreement to distribute methamphetamine. Moreover, both conspiracies name the same three conspirators: Heet, Powell, and Sawdy. Third, both conspiracies involve agreements to violate 21 U.S.C. Sec. 841.

We agree with Powell, moreover, that the nature and scope of these two agreements are identical.  (Emphasis added).

*Powell* has direct application to this case.  Here, Mr. Parks and Dr. Lee are charged with

two allegedly separate conspiracies.  In reality, they are the same allegation.

- •    Both counts are alleged to have violated a general conspiracy statute;

- •    The object of both alleged conspiracies is the same;

- •    The conspiracies are alleged to have occurred at the same time. Count 1 is alleged to have occurred from November, 2012 to the date of the Indictment. Count 25 is alleged to have occurred from January, 2013 to the date of the Indictment;

- •    The government has alleged and, therefore, has conceded that the purpose of the alleged conspiracies were identical;

- •    The government alleged and, therefore, has conceded that the means of executing the alleged conspiracies were identical; and

- •    The government has alleged and, therefore, has conceded that the overt acts committed by the defendants were identical.

In *United States v. Macchia*, 35 F.3d 662 (2nd Cir., 1994), the Second Circuit developed

a multi-prong analysis to determine whether allegedly multiple conspiracies were but a single

conspiracy.  The analysis required and examination of the following factors.

6

1.  The Criminal Offenses Charged;
2.  Overlap of Participants;
3.  Overlap of Time;
4.  Similarity of Operation;
5.  Existence of Common Overt Acts;
6.  The Geographic Scope of the Alleged Conspiracies;
7.  Common Objectives; and
8.  Degree of Interdependence.

The DC Circuit has adopted *Macchia* analysis. *United States v. Cooper*, 886 F.3d 146 (D.C. Cir., 2018). Application of the *Macchia* analysis leads to the conclusion that Counts 1 and 25 in this Superceding Indictment are multiplicitous.

**1. The Criminal Offenses Charged.** Because the Superceding Indictment alleges that two general conspiracy statutes were violated, this factor favors a finding of multiplicity.

**2. Overlap of Participants.** Because the Superceding Indictment alleges *identical* participants, this factor favors a finding of multiplicity.

**3. Overlap of Time.** Count 1 of the Superceding Indictment alleges a conspiracy from November, 2012 to the present. Count 25 alleges a conspiracy from January, 2013 to the present. For that reason, this factor favors a finding of multiplicity.

**4. Similarity of Operation.** Because the Superceding Indictment alleges *identical* operative acts, this factor favors a finding of multiplicity.

**5. Existence of Common Overt Acts.** Because the Superceding Indictment alleges *identical* overt acts, this factor favors a finding of multiplicity.

**6. The Geographic Scope of the Alleged Conspiracies.** Because the Superceding Indictment alleges *identical* overt acts, it follows that it alleges the same geographic scope. For that reason, this factor favors a finding of multiplicity.

7.   **Common Objectives.**  Because the Superceding Indictment alleges *identical* objectives, this factor favors a finding of multiplicity.

8.   **Degree of Interdependence.**  It is axiomatic that, if either of the charged conspiracies succeeded or failed, the same success or failure would apply to the other.  Therefore, this factor also favors a finding of multiplicity.

While the defendants in this case strongly deny that they agreed to violate any laws, they had but one, single agreement....to own and operate pharmacies.  Assuming for the sake of discussion only that the defendants agreed to pay bribes and kickbacks to physicians for the purpose of cheating federal healthcare programs—which is expressly denied---such an agreement would still be a single agreement with a single purpose to be carried out in a singular fashion.

Mr. Parks respectfully submits that Counts 1 and 25 are multiplicitous.  Both counts allege a single offense.  If he were to be convicted of both conspiracies, he would be subjected to multiple punishments for the same offense in violation of the Double Jeopardy Clause.  For that reason, Count 25 of the Indictment should be dismissed.

**WHEREFORE**, Mr. Parks requests that the Court dismiss Count 25 of the Indictment as multiplicitous and grant him all other relief to which he may be entitled or which the Court deems appropriate.

**Respectfully submitted,**


 **S/ Keith A. Ward**
**Keith A. Ward**
**Keith A. Ward, PLLC**
**1874 S. Boulder**
**Tulsa, OK 74119**
**(918) 764-9011   Voice**
**(918) 764-9384   Facsimile**
keith@keithwardlaw.com


## <u>CERTIFICATE OF SERVICE</u>

I certify that I served a copy of the foregoing on all attorneys of record in the above-captioned matter via the court's CM/ECF filing and case management system.


 S/ Keith A. Ward