# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 18-CR-0251-CVE ) |
| CHRISTOPHER R. PARKS, GARY ROBERT LEE, JERRY MAY KEEPERS, and KRISHNA BALARAMA PARCHURI, | ) ) ) ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Now before the Court are the following motions: Defendant Parchuri's Motion for Identification of Brady/Giglio Material and Evidence Government Intends to Use at Trial to Prove Overt Acts and Specific Counts (Dkt. # 75); Motion of Defendant Christopher R. Parks to Dismiss Indictment or, Alternatively, to Require the Government to Provide Witness/Exhibit List and to Identify All Exculpatory Evidence (Dkt. # 76); Defendant Lee's Joinder in Motion for Identification of Brady/Giglio Material and Evidence Government Intends to Use at Trial to Prove Overt Acts and Specific Counts of Co-Defendant Parchuri (Dkt. 75) (Dkt. # 78); and plaintiff's Motion to Extend Motion and Motion Response Deadlines (Dkt. # 96).[1] Defendants Christopher R. Parks, Gary Robert Lee, and Krishna Balarama Parchuri argue that the discovery materials produced by plaintiff are so voluminous that it would be unreasonable to expect them to be prepared for trial by the current trial date of November 18, 2019. Defendants ask the Court to compel plaintiff to identify all evidence

---

[1] Plaintiff asks the Court to extend its deadline to file motions and responses, and this request is unopposed. Dkt. # 96. Plaintiff's motion to extend deadlines (Dkt. # 96) is granted.

that it intends to use at trial, and plaintiff responds that it has no obligation under the Federal Rules of Criminal Procedure or judicial precedent to comply with this request.

On December 7, 2018, a grand jury returned an indictment charging Parks and Lee with conspiracy to commit an offense against the United States (count one). Dkt. # 3. Parks and Lee are accused of paying bribes or kickbacks to physicians to induce the physicians to refer patients to pharmacies operated by Parks and Lee to fill prescriptions for expensive compounded drugs. Id. at 3. Counts two through twenty-four of the indictment charge Jerry May Keepers, a physician, with willfully soliciting bribes or kickbacks from Parks and Lee in exchange for patient referrals with the knowledge that federal healthcare programs would be billed for compounded drugs. Id. at 16-18. Parks, Lee, and Keepers are also charged with conspiracy to commit health care fraud in violation of 18 U.S.C. §§ 1347 and 1349 in count twenty-five of the indictment. Id. at 20-21. The Court entered a scheduling order setting the case for trial on February 19, 2019. The parties, including plaintiff, filed a joint motion (Dkt. # 33) to declare this matter a complex case under the Speedy Trial Act, 18 U.S.C. § 3161 et seq., and the Court set the motion for a hearing. The parties advised the Court about the status of discovery, and the parties asked the Court to continue the trial to November 2019 to allow the parties sufficient time to prepare for trial. Dkt. # 35. The Court found that the discovery materials were voluminous and it would be unreasonable to expect the parties to prepare for trial in fewer than 70 days, and the Court granted the parties' request to declare the matter a complex case. Dkt. # 39. The Court reset the jury trial for November 18, 2019.

On June 12, 2019, a grand jury returned a superseding indictment (Dkt. # 48) adding additional criminal charges and naming Parchuri as a party. In counts 26 through 32, the superseding indictment alleges that Parchuri knowingly and willfully solicited kickbacks or bribes in exchange

for referring patients to pharmacies operated by Parks and Lee. Dkt. # 48, at 25-26. Count 33 charges Parchuri with obstruction of an investigation into health care fraud in violation of 18 U.S.C. § 1518. Plaintiff sought a protective order that would allow it to voluntarily turn over Jencks Act materials before trial. Dkt. # 70. Under the Jencks Act, 18 U.S.C. § 3500, the government is not obligated to produce witness statements under the witness has actually testified at trial, and plaintiff's voluntarily disclosure of these statements will allow defendants to better prepare for trial and significantly expedite the trial. Plaintiff's motion for a protective order was granted, and plaintiff has agreed to produce Jencks Act materials before trial. Dkt. # 72.

On August 30, 2019, plaintiff filed a notice (Dkt. # 73) as to the status of discovery production and advised the Court that it had produced all of the discovery materials in its possession to defense counsel. However, plaintiff learned that there could be additional information on 38 computers that were recovered during the execution of a search warrant in 2014, and plaintiff began the process of acquiring any additional information on the computers. Dkt. # 73, at 2-3. Plaintiff sought to remove duplicate materials from the discovery before it was produced to defendants, and any materials covered by attorney/client privilege would also have to be removed. Id. at 3-4. Plaintiff represented that the new discovery materials would likely be produced to defendants on October 1, 2018. Id. at 4. Parchuri filed a motion (Dkt. # 75) asking plaintiff to identify all evidence in the discovery materials that could qualify as exculpatory under Brady v. Maryland, 373 U.S. 83 (1983), and Giglio v. United States, 405 U.S. 150 (1972). He also asks plaintiff to specifically identify all evidence it "intends to use at trial to prove the overt and substantive counts alleged against [defendant]." Id. at 1. Lee has joined in Parchuri's motion. Dkt. # 76. Parks has filed a motion (Dkt. # 76) arguing that the substantial amount of discovery materials essentially requires

him to go to trial unprepared or to forfeit his right to a speedy trial by requesting a continuance, and he asks the Court to dismiss the charges against him or grant the relief sought by Parchuri and Lee.

A criminal defendant has no constitutional right to conduct discovery in the same manner as authorized in a civil case under the Federal Rules of Civil Procedure. Weatherford v. Bursey, 429 U.S. 545, 559 (1977). The Supreme Court has described the scope of discovery in a criminal case as "rather limited," and the broad discovery authorized under Fed. R. Civ. P. 26 is not available to a criminal defendant. Degen v. United States, 517 U.S. 820, 825-26 (1996). Under Fed. R. Crim. P. 16, the government is obligated to allow a defendant to inspect, copy, or photograph any "books, papers, documents, data, photographs, tangible objects . . . within the government's possession, custody, or control . . . ." Fed. R. Crim. P. 16(a)(1)(E). Rule 16 does not define "material," but the Tenth Circuit has suggested that Rule 16 was intended as a "reflection of the constitutional due process right established in [Brady]." United States v. Freeman, 451 Fed. App'x 783, 794 n.9 (10th Cir. 2011).[2] In Brady, the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Brady, 373 U.S. at 87. In Giglio, 405 U.S. 150 (1972), the Supreme Court held that Brady applies not only to "exculpatory" evidence but also to evidence that could be used to impeach a government witness. Evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceedings would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." Pennsylvania v. Ritchie, 480 U.S.

---

[2] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

39, 57 (1987). When determining whether evidence is material, a court must consider in light of the entire record if "the omitted evidence creates a reasonable doubt that did not otherwise exist." United States v. Ahrensfield, 698 F.3d 1310, 1319 (10th Cir. 2012).

The Court has reviewed defendants' motions and does not find that there is currently a constitutional issue that needs to be resolved by the Court. The criminal charges alleged in the indictment are complex and plaintiff has gathered a substantial amount of evidence in its lengthy investigation, but the Sixth Amendment does not prevent the federal government from bringing complex criminal charges that require defendants to review voluminous discovery materials. It appears that plaintiff has voluntarily produced all of its discovery to defendants, including Jencks Act materials, and it has advised defendants that it may be providing supplemental discovery in the near future. Brady and Giglio concern the production of exculpatory evidence, and defendants are not arguing that plaintiff has failed to produce any Brady or Giglio evidence. Instead, defendants ask the Court to compel plaintiff to identify potentially exculpatory evidence that is included in the discovery materials that have actually been produced to defendants. There are at least two significant problems with defendants' request. First, defendants have cited no Supreme Court or Tenth Circuit precedent that plaintiff has any obligation to identify potentially exculpatory evidence in materials that have already been produced.[3] If there are Brady or Giglio materials, this evidence has most likely been produced to defendants and defendants have not shown that Brady or Giglio requires more than the production of potentially exculpatory evidence. Second, defendants have a remedy to avoid any potential constitutional issues related to the production of discovery or the dismissal of

---

[3] Based on the nature of the charges, it is unlikely that there will be any evidence that is directly exculpatory in nature, and it far more likely that defendants will rely on the absence of payments or kickbacks in attempt to prove their innocence.

charges based on their right to a speedy trial. Defendants can request a continuance of the trial if they believe that the discovery materials are so voluminous that it would be unreasonable to expect them to go to trial on November 18, 2019, and it does not appear that plaintiff would oppose a request for a continuance. Dkt. # 80, at 9; Dkt. # 89, at 1. Of course, defendants can assert their right to a speedy trial, and plaintiff states that it is prepared to go to trial. However, defendants may not simultaneously complain about the amount of discovery materials and seek dismissal based on their right to a speedy trial when it would be permissible to request a continuance of the trial. The Court finds that defendants' motions for the identification of specific evidence or the dismissal charges (Dkt. ## 75, 76, 68) should be denied.

The Court also notes that Lee has recently had new counsel appointed to represent him, and the new attorney, Thomas Wright, has filed a motion to continue the trial until at least April 2020 (Dkt. # 89). Wright represents that he has contacted counsel for plaintiff and the other defendants, and counsel for the other parties recognize that his request for additional time is reasonable. There does not appear to be any dispute that this case is highly complex and that Wright will need more time to prepare for trial in order to competently represent his client. No party has filed a motion to sever and any continuance granted to Lee would also be applicable to the other defendants. 18 U.S.C. § 3161(h)(6). Based on the representations made in defendant's motions (Dkt. ## 75, 76, 78), it does not appear that any of the defendants are prepared to go to trial in November 2019, and Lee's request for a continuance may be unopposed. However, it appears that certain parties reserved objections to the motion to continue depending on the Court's ruling on their discovery motions. The Court will direct the parties, including plaintiff, to file a response to Lee's motion to continue, stating their objection or lack of objection, and defendants should attach a fully-executed speedy trial

waiver to their response if they do not object. The parties are advised that their responses should not address discovery matters or disputes, and the response should be limited to the reasonableness of Lee's request for a continuance.

**IT IS THEREFORE ORDERED** that Defendant Parchuri's Motion for Identification of Brady/Giglio Material and Evidence Government Intends to Use at Trial to Prove Overt Acts and Specific Counts (Dkt. # 75), the Motion of Defendant Christopher R. Parks to Dismiss Indictment or, Alternatively, to Require the Government to Provide Witness/Exhibit List and to Identify All Exculpatory Evidence (Dkt. # 76), and Defendant Lee's Joinder in Motion for Identification of Brady/Giglio Material and Evidence Government Intends to Use at Trial to Prove Overt Acts and Specific Counts of Co-Defendant Parchuri (Dkt. 75) (Dkt. # 78) are **denied**.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Extend Motion and Motion Response Deadlines (Dkt. # 96) is **granted**. Plaintiff's deadline to file motions is extended to **October 10, 2019**, and plaintiff's response deadline to defendants' motions is extended to **October 25, 2019**.

**IT IS FURTHER ORDERED** that the parties shall file responses in support or opposition to Lee's Motion to Continue (Dkt. # 89) no later than **October 11, 2019**. Defendants are directed to file a speedy trial waiver if they do not object to Lee's motion.

**DATED** this 8th day of October, 2019.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE