# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 18-CR-0251-CVE ) |
| CHRISTOPHER R. PARKS, GARY ROBERT LEE, JERRY MAY KEEPERS, and KRISHNA BALARAMA PARCHURI, | ) ) ) ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Now before the Court are defendant Gary Robert Lee's Motion to Extend Scheduling Order Deadlines (Dkt. # 89), Defendant Parchuri's Motion to Sever (Dkt. # 107), Defendant Parchuri's Motion for *James* Hearing (Dkt. # 108), and Defendant Parchuri's Second Motion for Identification and Disclosure of Brady/Giglio Material (Dkt. # 111). On December 7, 2018, a grand jury returned an indictment charging Christopher R. Parks and Lee with conspiracy to commit an offense against the United States (count one). Dkt. # 3. Parks and Lee are accused of paying bribes or kickbacks to physicians to induce the physicians to refer patients to pharmacies operated by Parks and Lee to fill prescriptions for expensive compounded drugs. Id. at 3. Counts two through twenty-four of the indictment charge Jerry May Keepers, a physician, with willfully soliciting bribes or kickbacks from Parks and Lee in exchange for patient referrals with the knowledge that federal healthcare programs would be billed for compounded drugs. Id. at 16-18. Parks, Lee, and Keepers are also charged with conspiracy to commit health care fraud in violation of 18 U.S.C. §§ 1347 and 1349 in count twenty-five of the indictment. Id. at 20-21.

The parties filed a joint motion to declare this matter a complex case under the Speedy Trial Act, 18 U.S.C. § 3161 et seq., and the parties requested a 9 month continuance of the jury trial set for February 19, 2019. The Court considered the volume of discovery and the complexity of the factual and legal issues involved in the case, and found that it would be unreasonable to expect the parties to prepare for trial within the deadlines set by the Speedy Trial Act. Dkt. # 39, at 4. On June 12, 2019, a grand jury returned a superseding indictment adding charges against Krishna Balarama Parchuri. Dkt # 48. Parchuri is charged with conspiracy to commit an offense against the United States (count one), conspiracy to commit health care fraud (count twenty five), soliciting and receiving health care kickbacks (counts twenty six to thirty two), and obstructing an investigation into health care fraud (count thirty three). Lee initially retained counsel to represent him in this matter, but retained counsel received leave to withdraw from the representation when Lee was no longer able to pay for retained counsel. Dkt. # 87. The Court appointed Thomas Wright to represent Lee, and Wright states that he promptly contacted plaintiff's counsel to gather discovery materials. Dkt. # 89, at 7. Wright also contacted Lee's former attorneys and requested Lee's file. Id. As of September 30, 2019, Wright had not received any discovery materials from plaintiff's counsel or Lee's former attorneys, and this case is set for trial on November 18, 2019. Wright states that it would be unreasonable to expect him to prepare for trial under the current scheduling order, and he asks the Court to continue the trial until at least April 2020.

On October 8, 2019, the Court entered an opinion and order (Dkt. # 102) ruling on certain motions concerning pretrial discovery. Defendants Parchuri, Parks, and Lee argued that they could not fully prepare for trial under the current scheduling order, and they asked the Court to compel plaintiff to specifically identify what evidence it intends to use at trial. Dkt. ## 75, 76, 78. The

2

Court denied defendants' motions to compel plaintiff to identify the evidence it will use at trial, and noted that it did not appear that the parties were prepared to proceed to trial in November 2019. Dkt. # 102, at 6. The Court directed all parties to file a response to Lee's motion to continue, no later than October 11, 2019. Plaintiff and defendants Keepers and Parks do not oppose Lee's request for a continuance. Dkt. ## 103, 104, 110. Parchuri opposes the motion to continue, and he has filed a motion to sever his trial from that of his co-defendants. Dkt. ## 106, 107. Parchuri has also filed a motion asking the Court to hold a pretrial hearing to determine the admissibility of co-conspirator statements, and he has filed a second motion requesting the immediate identification of possible Brady materials in light of the impending November 2019 trial. Dkt. ## 108, 111.

**A.**

Parchuri asks the Court to sever his trial from that of his co-defendants, because failure to do so will violate his right to a speedy trial if the Court grants Lee's motion to continue the jury trial. Dkt. # 107. Parchuri also argues that he has "markedly different alleged culpability for the conspiracies" alleged in the superseding indictment, and he claims that this will prevent the jury from making a "reliable" decision about his guilt or innocence. Id. at 1.

Pursuant to Federal Rule of Criminal Procedure 14(a), a district court may sever the trials of codefendants joined in a single indictment if a joint trial would prejudice one or more of the defendants named in the indictment. "Joint trials of defendants who are indicted together are preferred," however, "because [t]hey promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." United States v. Hall, 473 F.3d 1295, 1301-02 (10th Cir. 2007) (internal quotation omitted). If defendants have been properly joined in the same indictment, "a district court should grant a severance under Rule 14 only if there is a serious risk that

3

a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. at 534, 539 (1993). A court's decision to order severance is discretionary, and a defendant bears a "heavy burden of showing real prejudice to his case." United States v. McConnell, 749 F.2d 1441, 1444 (10th Cir. 1984). Tenth Circuit precedent is clear that " '[n]either a mere allegation that [the] defendant would have a better chance of acquittal in a separate trial, nor a complaint of the 'spillover effect' [of damaging evidence], is sufficient to warrant severance.'" United States v. Edwards, 69 F.3d 419, 434 (10th Cir. 1995) (quoting United States v. Levine, 983 F.2d 165, 167 (10th Cir. 1992)).

Parchuri is charged with conspiracy to commit an offense against the United States (count one), conspiracy to commit health care fraud (count twenty five), soliciting and receiving health care kickbacks (counts twenty six to thirty two), and obstructing an investigation into health care fraud (count thirty three). Parchuri is charged in two separate conspiracy counts, and the Tenth Circuit has recognized that there is a presumption "in a conspiracy trial that coconspirators charged together preferably should be tried together." United States v. Pursley, 577 F.3d 1204, 1215 (10th Cir. 2009). Parchuri acknowledges that this presumption exists, but he argues that he will be prejudiced unless the Court severs his trial from that of his codefendants. Dkt. # 107.

First, Parchuri claims that he has asserted his right to a speedy trial and severance would allow him to proceed to trial as currently scheduled on November 18, 2019. In certain cases, severance could be a remedy to allow one defendant to go to trial if his codefendants request a continuance. However, this is a conspiracy case and there is a presumption that coconspirators who have been charged together should be tried together. The Court also notes that Parchuri's attorney stated in a recent filing that it would be unreasonable to expect him to "provide constitutionally

4

adequate representation" at a November 2019 trial based on the additional discovery that had not yet been produced by plaintiff, and he states in his motion to sever that this additional discovery has not yet been produced. Dkt. # 75, at 2-3; Dkt. # 107, at 2 n.1. Parchuri may wish to go to trial in November 2019, but his attorney has essentially admitted on the record that he is not currently prepared to adequately represent Parchuri at trial.[1] This significantly undercuts Parchuri's assertion of his right to a speedy trial, and the Court does not find that Parchuri's demand for a speedy trial is a compelling reason to sever his trial.

Second, Parchuri argues that he had a limited role in the charged conspiracies, and he claims that he would be prejudiced if his trial is not severed from that of his co-defendants. Dkt. # 107, at 8-9. Count one of the superseding indictment charges defendants with creating a scheme to bill federal programs for expensive compounded drugs, and Parchuri allegedly received kickbacks for referring patients to pharmacies controlled by Parks and Lee. Dkt. # 48, at 8. Parchuri's role in the conspiracy allegedly lasted from June 2013 to January 2015, and count one lists monthly payments made to Parchuri during this time period. Id. at 17-18. Count twenty five of the superseding indictment charges defendants with conspiring to defraud federal health care programs and is based on similar facts as count one. Id. at 23-24. It is clear from the superseding indictment that Parchuri is not being accused of organizing the conspiracies or of having a leading role in execution of the conspiracies, but the conspiracies would not have functioned without physicians like Parchuri who referred clients to the pharmacies operated by Parks and Lee. Parchuri claims that a jury would not

---

[1]  Parchuri may not simultaneously stand on his right to a speedy trial and argue that he will receive ineffective assistance of counsel if he is forced to go trial. There is an available remedy in the form of a continuance and Parchuri's counsel could have joined with the other parties in Lee's request for a continuance.

be able to make a "reliable" determination of his guilt or innocence in a joint trial, but a jury would necessarily have to consider evidence of the entire conspiracy in order to understand the charges against Parchuri. The Court does not find that there would be any substantial difference between a joint trial of all defendants and a trial against Parchuri alone in terms of the evidence that would be offered by plaintiff, and Parchuri has not shown that severance is necessary to ensure that the jury reaches a fair and impartial verdict as to Parchuri.

The Court finds that Parchuri has not overcome the presumption that coconspirators should be tried together, and he has not shown that he will suffer any prejudice if he is tried jointly with the other defendants. Parchuri claims that severance is necessary to protect his right to a speedy trial, but he has not shown that his attorney is prepared to go to trial. Parchuri also argues that there is a risk that the jury will not be able to reach a reliable verdict in a joint trial, but plaintiff will have to put on essentially the same evidence in a trial against Parchuri to explain his role in the conspiracy. There is a strong preference to have a single trial of all defendants in a conspiracy case, and the Court finds no reason that Parchuri will be prejudiced if he is required to go to trial with his charged coconspirators.

**B.**

Parchuri asks the Court to hold a pretrial hearing to determine the admissibility of co-conspirator statements, and he requests that the Court compel plaintiff to identify all "unknown" conspirators referenced in the indictment. Dkt. # 108.

Under Fed. R. Evid. 801(d)(2)(E), a statement is not considered hearsay if the court finds that "(1) a conspiracy existed; (2) both the declarant and the defendant against whom the declaration is offered were members of the conspiracy; and (3) the statement was made in the course of and in

6

furtherance of the conspiracy." United States v. Eads, 191 F.3d 1206, 1210 (10th Cir. 1999) (quoting United States v. Caro, 965 F.2d 1548, 1557 (10th Cir. 1992)). For Rule 801(d)(2)(E) to apply, the government must establish the existence of a conspiracy at some point in its case-in-chief, or the statements must be excluded. United States v. Kaatz, 705 F.2d 1237, 1244 (10th Cir. 1983). A court "can only admit coconspirator statements if it holds a *James* hearing [before trial] or conditions admission on forthcoming proof of a 'predicate conspiracy through trial testimony or other evidence.'" United States v. Townley, 472 F.3d 1267, 1273 (10th Cir. 2007) (quoting United States v. Owens, 70 F.3d 1118 (10th Cir. 1995)). A district court may rely on the statements and observations of other coconspirators to support its finding that a conspiracy existed. Owens, 70 F.3d at 1124-25. If a coconspirator statement is admissible under Fed. R. Evid. 801(d)(2)(E), the requirements of the Confrontation Clause of the Sixth Amendment are also satisfied. United States v. Molina, 75 F.3d 600, 603 (10th Cir. 1996).

The Tenth Circuit has stated that it has a "preference" for a district court to hold a pretrial hearing. United States v. Gonzalez-Montoya, 161 F.3d 643, 649 (10th Cir. 1998). However, the Tenth Circuit has clearly held that this is a preference only, and the district court retains discretion to hold a pretrial hearing or permit the government to "connect up" the statements to a conspiracy at trial. United States v. Urena, 27 F.3d 1487, 1491 (10th Cir. 1994). In this case, the indictment alleges that four defendants engaged in a conspiracy to defraud the federal government in a complex health care billing scheme, and a *James* hearing would take almost as long as a jury trial. The Court will require the government to lay a proper foundation for admitting coconspirator statements by offering proof of the conspiracy and each defendant's membership in it before seeking to admit any coconspirator statements, but defendant's motion (Dkt. # 108) for a *James* hearing is denied.

7

**C.**

Lee has filed a motion to continue the jury trial until at least April 2020, and all defendants expect Parchuri consent to Lee's motion. Lee's request for a continuance falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. Id. The statute permits a court to consider whether "the failure to grant such a continuance . . . would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." Id. at 1271. This requires the parties to provide specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. Id. at 1272-73. A district court must also give significant weight to the public's interest

8

in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. Id. at 1273.

The Court previously declared this case complex, and found that it would be unreasonable to expect the parties to prepare for trial in 70 days or less. Dkt. # 39. Lee's new attorney, Wright, has not even received the discovery materials and trial is set for November 18, 2019. Counsel for the other defendants have had several months to review the discovery materials and they have represented that they may not be finished reviewing the discovery before the November 2019 jury trial. Dkt. # 75, at 2; Dkt. # 76, at 2. The Court finds that Wright's request for additional time to prepare for trial is reasonable, and each defendant except for Parchuri has executed a speedy trial waiver (Dkt. ## 94, 95, 105) asking the Court to exclude any period of delay for an ends of justice continuance. Lee's motion for a continuance of the jury trial should be granted notwithstanding Parchuri's objection. In addition to the interests of the parties, the Court has considered the public's interest in the speedy resolution of criminal cases and finds that a limited ends of justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters.[2]

**IT IS THEREFORE ORDERED** that defendant Lee's Motion to Extend Scheduling Order Deadlines (Dkt. # 89) is **granted**. The pretrial conference set for October 28, 2019 and the jury trial set for November 18, 2019 are **stricken**. The following amended scheduling order is hereby entered:

---

[2] Parchuri's second motion (Dkt. # 111) for immediate identification of Brady materials is moot in light of the Court's decision to continue the trial to April 2020. The Court has reviewed the motion and Parchuri is primarily complaining about the unfairness of being required to go to trial when all of the discovery has not been produced. The parties now have additional time to resolve discovery matters, and the parties are advised that their negotiations about discovery matters should be guided by the Court's prior opinion and order (Dkt. # 102).

9

| | |
|---|---|
| Motions due: | March 9, 2020 |
| Responses due: | March 23, 2020 |
| PT/CP/Motions Hearing: | **April 6, 2020 at 10:00 a.m.** |
| Voir dire, jury instructions, and trial briefs due: | April 13, 2020 |
| Jury Trial: | **April 20, 2020 at 9:15 a.m.** |

**IT IS FURTHER ORDERED** that the time from November 18, 2019, inclusive, to April 20, 2020, inclusive, is excludable pursuant to 18 U.S.C. § 3161(h)(7).

**IT IS FURTHER ORDERED** that Defendant Parchuri's Motion to Sever (Dkt. # 107) and Defendant Parchuri's Motion for James Hearing (Dkt. # 108) are **denied**.

**IT IS FURTHER ORDERED** that Defendant Parchuri's Second Motion for Identification and Disclosure of Brady/Giglio Material (Dkt. # 111) is **moot**.

**DATED** this 16th day of October, 2019.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE