IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No.  18-CR-0251-CVE |
| | ) |
| CHRISTOPHER R. PARKS, | ) |
| GARY ROBERT LEE, | ) |
| JERRY MAY KEEPERS, and | ) |
| KRISHNA BALARAMA | ) |
| PARCHURI, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Now before the Court is Defendant Keepers' Motion to Continue Scheduling Order and All Related Dates (Dkt. # 116) and Defendant Parchuri's Second Motion to Sever (Dkt. # 127). On December 7, 2018, a grand jury returned an indictment charging Christopher Parks and Gary Lee with conspiracy to commit an offense against the United States (count one). Dkt. # 3. Parks and Lee are accused of paying bribes or kickbacks to physicians to induce the physicians to refer patients to pharmacies operated by Parks and Lee to fill prescriptions for expensive compounded drugs. Id. at 3. Counts two through twenty-four of the indictment charge Jerry May Keepers, a physician, with willfully soliciting bribes or kickbacks from Parks and Lee in exchange for patient referrals with the knowledge that federal healthcare programs would be billed for compounded drugs. Id. at 16-18. Parks, Lee, and Keepers are also charged with conspiracy to commit health care fraud in violation of 18 U.S.C. §§ 1347 and 1349 in count twenty-five of the indictment. Id. at 20-21.

The parties filed a joint motion to declare this matter a complex case under the Speedy Trial Act, 18 U.S.C. § 3161 et seq., and the parties requested a 9 month continuance of the jury trial set

for February 19, 2019. The Court considered the volume of discovery and the complexity of the factual and legal issues involved in the case, and found that it would be unreasonable to expect the parties to prepare for trial within the deadlines set by the Speedy Trial Act. Dkt. # 39, at 4. On June 12, 2019, a grand jury returned a superseding indictment asserting additional charges against Krishna Balarama Parchuri. Dkt # 48. Lee initially retained counsel to represent him in this matter, but retained counsel received leave to withdraw from the representation when Lee was no longer able to pay for retained counsel. Dkt. # 87. The Court appointed Thomas Wright to represent defendant, but Wright experienced delays in obtaining Lee's file from his former retained counsel. Wright argued that it would be unreasonable to expect him to prepare for trial November 19, 2019, and he asked the Court to continue the trial until at least April 2020. The Court granted the motion to continue over Parchuri's objection, and the Court also denied Parchuri's request for severance. Dkt. # 113.

Keepers asks the Court to continue the jury trial of this matter to the October 2020 jury trial docket, and he provides two reasons for the requested continuance. First, Keepers states there are more than 100 gigabytes of discovery materials that have not yet been produced to defense counsel, and his attorney will not have sufficient time to review these materials before an April 2020 trial. Dkt. # 116, at 3. Second, one of Keepers' lead attorneys, Joe Bailey, is experiencing significant health problems, and Martin Hart, formerly serving as local counsel, has had to step into a more prominent role in Keepers' defense. Hart will need additional time to review the discovery materials and prepare for trial. Plaintiff has no objection to Keepers' request for a continuance, and defendants Parks and Lee also have no objection. Dkt. ## 121, 122, 124. Keepers, Parks, and Lee have filed speedy trial waivers. Dkt. ## 119, 123, 129. Parchuri objects to the motion to continue, even though

he acknowledges that there is a substantial amount of outstanding discovery, and he faults plaintiff for causing any delay in the parties' ability to prepare for an April 2020 trial. Dkt. # 120. Parchuri also renews his request for severance. Dkt. # 127; Dkt. # 120, at 4. However, he has offered no new argument that was not previously considered by the Court in its prior opinion and order (Dkt. # 113). Parchuri claims that his attorney would be able to provide effective assistance of counsel, but he fails to explain when how this is possible when counsel for all defendants acknowledge that there is a substantial amount of discovery that has not been produced to defense counsel. See Dkt. # 127. Parchuri has not overcome the presumption of a joint trial in a conspiracy case, and his second request for severance is denied.

Keepers' request for a continuance falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. Id. The statute permits a court to consider whether "the failure to grant such a continuance . . . would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that this

3

should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." Id. at 1271. This requires the parties to provide specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. Id. at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. Id. at 1273.

The Court previously found that this is a complex case and that it would be unreasonable to expect the parties to prepare for trial in 70 days. Dkt. # 39. All of the defendants agree that there is a substantial amount of outstanding discovery, and all defendants except Parchuri state that a miscarriage of justice will result if they are required to go to trial in April 2020. Parchuri claims that he has been diligently preparing for trial and he faults plaintiff for delays in producing discovery materials, but the Court finds no basis to find that plaintiff has acted in bad faith or has taken any action to purposefully delay resolution of this case. The Court takes into account the complexity of the case and the delay caused by Bailey's health problems, and Hart will need additional time to prepare for his role as lead counsel. Finally, the Court notes that none of the defendants are detained, and a delay of the trial will not impair their personal liberty while awaiting trial. The Court finds that Keepers' request for additional time to prepare for trial is reasonable, and each defendant except Parchuri has executed a speedy trial waiver (Dkt. ## 119, 123, 129) asking the Court to exclude any period of delay for an ends of justice continuance. Keepers' motion for a continuance of the jury trial should be granted notwithstanding Parchuri's objection. In addition to the interests of the defendants, the Court has considered the public's interest in the speedy resolution of criminal cases

and finds that a limited ends of justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters.

**IT IS THEREFORE ORDERED** that Defendant Keepers' Motion to Continue Scheduling Order and All Related Dates (Dkt. # 116) is **granted**. The pretrial conference set for April 6, 2020 and the jury trial set for April 20, 2020 are **stricken**. The following amended scheduling order is hereby entered:

| | |
|---|---|
| Motions due: | September 17, 2020 |
| Responses due: | October 1, 2020 |
| PT/CP/Motions Hearing: | **October 8, 2020 at 10:00 a.m.** |
| Voir dire, jury instructions, and trial briefs due: | October 13, 2020 |
| Jury Trial: | **October 19, 2020 at 9:15 a.m.** |

**IT IS FURTHER ORDERED** that the time from April 20, 2020, inclusive, to October 19, 2020, inclusive, is excludable pursuant to 18 U.S.C. § 3161(h)(7).

**IT IS FURTHER ORDERED** that Defendant Parchuri's Second Motion to Sever (Dkt. # 127) is **denied**.

**DATED** this 14th day of February, 2020.

*/s/ Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE