IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 18-CR-0251-CVE |
| | ) |
| CHRISTOPHER R. PARKS, | ) |
| GARY ROBERT LEE, and | ) |
| JERRY MAY KEEPERS, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Now before the Court are the Motion of Defendant Christopher R. Parks to Dismiss Count Twenty-Five (25) of the Superceding Indictment for Improper Multiplicity (Dkt. # 77), the Motion in Limine of Christopher R. Parks (Dkt. # 155), and the Motion of Defendant Christopher R. Parks to Dismiss County Twenty-Five (25) of the Superceding Indictment for Improper Multiplicity (Dkt. # 156).[1] Parks argues that counts one and twenty-five seek to impose criminal liability for the same conspiracy, and he asks the Court to dismiss count twenty-five under the doctrine of multiplicity. Parks has also filed a motion in limine asking the Court to exclude 12 categories of evidence at trial. Plaintiff responds that counts one and twenty-five of the superseding indictment allege crimes under separate statutes that require proof of different facts and, even if the Court finds that the counts are multiplicitous, plaintiff may elect to dismiss either count one or twenty-five to cure this issue. Dkt.

---

[1] Parks has filed two motions seeking dismissal of count twenty five of the superseding indictment, and the motions are nearly identical. Dkt. ## 77, 156. The second motion for dismissal of count twenty-five (Dkt. # 156) is moot, and in the future defense counsel should refrain from filing multiple motions for the same relief.

# 164. Plaintiff has also responded to the motion in limine and opposes some of Parks' requests to exclude evidence.[2] Dkt. # 163.

## I.

On December 7, 2018, a grand jury returned an indictment charging Christopher R. Parks and Gary Robert Lee with conspiracy to commit an offense against the United States (count one). Dkt. # 3. Parks and Lee are accused of paying bribes or kickbacks to physicians to induce the physicians to refer patients to pharmacies operated by Parks and Lee to fill prescriptions for expensive compounded drugs. Id. at 3. Counts two through twenty-four of the indictment charge Jerry May Keepers, a physician, with willfully soliciting bribes or kickbacks from Parks and Lee in exchange for patient referrals with the knowledge that federal healthcare programs would be billed for compounded drugs. Id. at 16-18. Parks, Lee, and Keepers are also charged with conspiracy to commit health care fraud in violation of 18 U.S.C. §§ 1347 and 1349 in count twenty-five of the indictment. Id. at 20-21. A grand jury returned a superseding indictment (Dkt. # 48) realleging the counts of the original indictment, and alleging additional criminal charges against Krishna Balarama Parchuri, but the charges against Parchuri have been dismissed. See Dkt. # 136.

Parks argues that counts one and twenty-five of the superseding indictment seek to impose criminal liability for the same conduct, and he asks the Court to dismiss count twenty-five under the doctrine of multiplicity. "Multiplicity refers to multiple counts of an indictment which cover the same criminal behavior." United States v. Morehead, 959 F.2d 1489, 1505 (10th Cir. 1992) (quoting

---

[2] The Court has reviewed the docket sheet and plaintiff has filed three motions in limine (Dkt. ## 97, 98, 99) and two notices of intent to offer evidence under Fed. R. Evid. 404(b) (Dkt. # 100, 101). However, defendants have not responded to these filings, and the Court will allow defendants to respond before ruling on these matters.

United States v. Dashney, 937 F.2d 532, 540 n.7 (10th Cir. 1991)). "While multiplicity is not fatal to an indictment, . . . it poses the threat of multiple sentences for the same offense and may improperly suggest to the jury that the defendant has committed more than one crime." Id. In a conspiracy case, the jury must be required to find "the existence of more than one agreement to perform some illegal act or acts" to sustain convictions under separate conspiracy statutes. United States v. Frierson, 698 F.3d 1267, 1270 (10th Cir. 2012). "A decision of whether to require the prosecution to elect between multiplicitous counts before trial is within the discretion of the trial court." United States v. Johnson, 130 F.3d 1420, 1426 (10th Cir. 1997). The Tenth Circuit has recognized that the same conduct can in some circumstances result in the prosecution for multiple crimes but, under the Blockburger test, each crime must require proof of a fact that the other does not. United States v. Yurek, 925 F.3d 423, 438 (10th Cir. 2019) (citing Blockburger v. United States, 284 U.S. 299, 304 (1932)).

In this case, defendants are charged in the superseding indictment with conspiracy to commit an offense against the United States in violation of 18 U.S.C. § 371 (count one) and conspiracy to commit health care fraud in violation of 18 U.S.C. §§ 1347 and 1349 (count twenty-five). Count one of the superseding indictment alleges that the defendants conspired to violate 42 U.S.C. §§ 1320a-7b(b)(2)(A) and 1320a-7b(b)(1) by offering bribes and kickbacks for patient referrals to pharmacies operated by Parks and Lee for the purpose of billing federal health care programs for the patient's prescriptions. Dkt. # 48, at 2. Count twenty-five alleges that the defendants conspired to commit health care fraud in violation of 18 U.S.C. § 1347, and count twenty-five incorporates all of the factual allegations of count one as the factual basis for the charge. Id. at 23-24. Count twenty-five also alleges that the purpose of the conspiracy alleged in this count was to defraud a health care

3

benefit program by means of materially false or fraudulent representations. Id. at 23. Section 371 prohibits two or more persons from conspiring to commit an offense against or to defraud the United States. 18 U.S.C. § 371. The elements necessary to sustain a conviction of count one under § 371 are:

> First: the defendant agreed with at least one other person to violate the law.
>
> Second: one of the conspirators engaged in at least one overt act furthering the conspiracy's objective.
>
> Third: the defendant knew the essential objective of the conspiracy.
>
> Fourth: the defendant knowingly and voluntarily participated in the conspiracy.
>
> Fifth: there was interdependence among the members of the conspiracy; that is, the members, in some way or manner, intended to act together for their shared mutual benefit within the scope of the conspiracy charged.

Tenth Circuit Pattern Jury Instruction 2.19. Section 1347 makes it a crime to knowingly or willfully execute or attempt to execute a scheme to "(1) defraud any health care benefit program; or (2) to obtain, by means of false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of, any health care benefit program." 18 U.S.C. § 3147. The term "health care benefit program" is defined to include "any public or private plan or contract," and a violation of § 1347 can involve a health care program operated by the federal government or a private insurer. 18 U.S.C. § 24(b). Under § 1349, it also a crime to enter a conspiracy to violate § 1347. The elements necessary to sustain a conviction of count twenty-five under §§ 1347 and 1349 are as follows:

> First: two or more people reached an agreement to commit the crime of [health care fraud];
>
> Second: the defendant knew the essential objective of the conspiracy;

>Third: the defendant knowingly and voluntarily participated in the conspiracy; and

>Fourth: the alleged coconspirators were interdependent.

United States v. Wright, 848 F.3d 1274, 1279 (10th Cir. 2017).

Plaintiff cites United States v. Gonzalez, 834 F.3d 1206 (11th Cir. 2016), for the proposition that conspiracy charges under § 371 (count one) and 1349 (count twenty-five) constitute separate crimes under the Blockburger test. In Gonzalez, the defendant was charged with conspiracy to defraud the United States in violation of § 371 and conspiracy to commit health care fraud in violation of §§ 1347 and 1349, and she was convicted of both charges following a jury trial. Id. at 1213. On appeal, the defendant argued she could not be convicted of both offenses, because the two charged conspiracies constituted only one offense and the charges were multiplicitous. The court found that it was "plain that each [charge] requires proof of a unique element not required by the other." Id. at 1220. Section 371 requires proof of an overt act and evidence that the intended victim of the offense was the United States, while § 1349 does not require proof of an overt act or evidence that the intended victim was the United States. Id. For the purpose of a § 1347 conspiracy, the victim of the offense can be a private insurer. Id. In United States v. Njoku, 737 F.3d 55 (5th Cir. 2013), the Fifth Circuit also found that convictions under § 371 and § 1349 required proof of different conduct, specifically that § 1349 requires evidence that the defendant committed fraud and not merely that the conspirators intended to commit any offense against the United States. Id. at 67.

The Court finds that counts one and twenty-five allege separate conspiracies and do not constitute the same offense under the Blockburger test. Counts one and twenty-five each require proof of different conduct in order to sustain a conviction, and defendants have not been charged with the same conspiracy in two separate criminal charges. Although there is certainly factual

5

overlap between the charges, plaintiff will be required to offer proof of an overt act to sustain a conviction of count one, while count twenty-five requires no such proof. Count twenty-five also requires evidence that defendants acted with the intent to defraud any health care benefit program, while defendants can be convicted of count one for agreeing to commit any offense against the United States. Parks has not shown that he has been improperly charged with the same crime in two separate counts of the superseding indictment, and his motion to dismiss count twenty-five of the superseding indictment (Dkt. # 77) is denied.

## II.

Parks has also filed a motion in limine (Dkt. # 155) asking the Court to exclude 12 categories of evidence at trial. Plaintiff has filed a response (Dkt. # 163) and argues that some of the evidence that Parks seeks to exclude is relevant to issues that will be raised at trial. However, plaintiff agrees that it will not offer evidence or solicit testimony as described in issues no. 3, 5, 6, 7, and 12, and the motion in limine is moot as to these issues.

**Parks' Education as a Lawyer**

Parks possesses a law degree but he states that he has not practiced law since 1998, and he asks the Court to exclude evidence that he possesses a law degree. Dkt. # 155, at 2-3. He claims that his legal background is irrelevant, because he does not possess specialized knowledge of health care regulations and he was not practicing law when the acts giving rise to this case occurred. Dkt. # 155, at 3. Plaintiff responds that the charges alleged in the superseding indictment require plaintiff to prove that Parks acted knowingly and willfully, and Parks' background in the legal profession is relevant to show that he understood the law. Dkt. # 163, at 2. Plaintiff also alleges that Parks informed business associates and co-conspirators that he possessed a law degree, and he used this

fact to promote the alleged conspiracy. Id. The Court finds that Park's legal education could be relevant to show that Parks understood the illegality of his conduct and that he acted with the requisite intent, and Parks' request to exclude evidence of his legal background is denied.

**Oklahoma Pharmacy Board (OPB) Administrative Settlement**

Parks states that he paid a fine to the OPB for "organizational and operational issues" unrelated to any alleged kickback or bribes, and he asks the Court to exclude evidence of the administrative action initiated by the OPB. Dkt. # 155, at 3. Plaintiff has provided a copy of the OPB's agreed final order (Dkt. # 163-1) and the Court finds that Parks' characterization of the administrative proceedings is misleading. The OPB found that OK Compounding, LLC (OKC) falsely represented to medical providers that it was participating in a study with the Rush University Medical Center in order to generate business, that OKC routinely failed to follow safety and billing regulations, and that OKC improperly billed insurance companies for millions of dollars of improper prescriptions. As to the improper billing, the evidence showed that federal programs such as Medicare and TriCare were some of the programs billed for prescriptions that should not have been filled by OKC. Dkt. # 163-1. Plaintiff argues that the administrative order shows that Parks was willing to operate his business in violation of the law and the he prioritized profit over compliance with the law. Evidence related to the OPB's administrative action against Parks could be relevant at trial, and Park's request to exclude this evidence is denied.

**Parks' Wealth**

Parks asks the Court to exclude evidence of his personal income earned from operating OKC. Dkt. # 155, at 4. Plaintiff agrees that Parks' general wealth and assets are not likely to be relevant at trial, but plaintiff intends to offer evidence concerning money generated by pharmacies that are

part of the charged conspiracy. Dkt. # 163, at 4. Money earned by Parks from pharmacies that were allegedly utilized as part of the charged conspiracy is relevant, and the Court will not exclude evidence of Parks' income from OKC or other pharmacies operated by defendants.

**Parks' and Physician's State of Mind**

Parks seeks to prevent any witness from testifying as to his state of mind or intent, and he also asks the Court to exclude opinion testimony about the state of mind of physicians who referred patients to one of Parks' pharmacies. Dkt. # 155, at 6. Plaintiff agrees not to solicit opinion testimony from witnesses concerning the state of mind of Parks or physicians who did business with Parks, but it will offer evidence of their "words, actions, and other evidence probative of their knowledge and intent." Dkt. # 163, at 7. The Court finds that witnesses will not be permitted to directly opine as to Parks' or any physician's state of mind or intent, but plaintiff may introduce evidence and question witnesses as to facts that allow the jury to infer state of mind or intent.

**Standing Orders for Prescriptions**

Parks states that physicians gave OKC standing orders to alter or make "harmless changes" in the composition of certain prescriptions, and he claims that this practice had nothing to do with the issue of remuneration to physicians for making referrals to OKC. Dkt. # 155, at 5. Plaintiff responds that OKC's reimbursement depended upon the formulas used to make certain compounds, and the practice of using standing orders is relevant to OKC's motive and intent of maximizing profits. Dkt. # 163. The Court finds that it does not have a sufficient basis to make a pretrial ruling on this issue, and Parks' request to exclude evidence related to standing orders is preliminarily denied.

**Patients Receiving Too Many or Few Prescriptions**

Parks asks the Court to exclude evidence that OKC provided too many or too few prescriptions for a "very small minority" of patients, because this evidence is irrelevant to the issue of whether physicians received bribes or kickbacks from OKC. Dkt. # 155. Plaintiff responds that some patients received unwanted medication from OKC and this evidence tends to show that defendants' actions were motivated by profit and not for the purpose of patient care. The Court finds that evidence of overfilling prescriptions could be relevant to plaintiff's argument that defendants' pharmacies prioritized profit over other motivations, and Parks' request to exclude evidence of improperly filled prescriptions is denied.

**IT IS THEREFORE ORDERED** that Motion of Defendant Christopher R. Parks to Dismiss Count Twenty-Five (25) of the Superceding Indictment for Improper Multiplicity (Dkt. # 77) is **denied**.

**IT IS FURTHER ORDERED** that the Motion in Limine of Christopher R. Parks (Dkt. # 155) is **moot in part** and **denied in part** as stated above.

**IT IS FURTHER ORDERED** that the Motion of Defendant Christopher R. Parks to Dismiss County Twenty-Five (25) of the Superceding Indictment for Improper Multiplicity (Dkt. # 156) is **moot**.

**IT IS FURTHER ORDERED** that defendants' responses to Dkt. ## 97, 98, 99, 100, 101 are due no later than **November 23, 2021**.

**DATED** this 10th of November, 2021.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE