UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 18-CR-251-CVE |
| v. | ) |
| | ) |
| CHRISTOPHER R. PARKS and | ) |
| GARY ROBERT LEE, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is the "Government's Motion Concerning any Advice of Counsel Defense" (Doc. 205) and the Responses of defendants Christopher Parks (Doc. 213) and Gary Robert Lee (Doc. 214). A hearing was held on the motion, and the Court took the motion under advisement.

### I.

Defendants Parks and Lee were charged by grand jury indictment on December 7, 2018. The grand jury returned a superseding indictment on June 12, 2019, charging Parks and Lee with conspiring to pay kickbacks to physicians for referrals of patients to pharmacies operated by Parks and Lee to fill prescriptions for compounded drugs. (Count One). Count Twenty-Five of the superseding indictment further charges Parks and Lee with conspiring to commit health care fraud.

In the instant motion, the plaintiff requests the entry of an order directing Parks and Lee to produce discovery "concerning any advice of counsel defense and to provide

notice concerning any such defense, including a description of the legal advice and/or consultations, and from whom it was received." (Doc. 205 at 1). The plaintiff also requests that Parks and Lee be ordered to identify any attorney or other witness who will testify about any advice of counsel defense at trial. (*Id.*). From information already obtained, the plaintiff believes that Parks and Lee may call attorney Herbert Gleitz or a McAfee Taft attorney to testify at trial.

In response to the plaintiff's motion, Parks argues that the Court should find the motion to be moot, because Parks has already provided a witness list identifying "all lawyers who provided advice to him who might arguably be called as a witness at trial" and the government has the two opinion memoranda authored by those lawyers. (*See* Doc. 213). Those memoranda – one authored by McAfee & Taft attorneys and the other authored by Herbert Gleitz – were provided to the Court at the conclusion of the hearing. For his objection to the plaintiff's motion, Lee argues that the plaintiff has not cited any authority that supports its request that Lee be required to disclose the advice of counsel defense. (Doc. 214). Like Parks, Lee also notes that the plaintiff already possesses the legal opinions and is thus aware those lawyers may be witnesses for Lee. (*Id.* at 1).

## II.

The plaintiff's motion is premised upon Fed. R. Crim. P. 16(b)(1). That Rule provides in part that, if the government provides disclosures of materials the government

2

intends to use in its case-in-chief at trial under Rule 16(a)(1)(E), the defendant must provide reciprocal discovery. Specifically,

> the defendant must permit the government, upon request, to inspect and to copy books, papers, documents . . . or copies or portions of any of these if:
>
> (i) the item is within the defendant's possession, custody, or control; and
>
> (ii) the defendant intends to use the item in the defendant's case-in-chief at trial.

Fed. R. Crim. P. 16(b)(1).

In addition to the requested production of documents under Rule 16(b)(1), the plaintiff argues that the Court should order Parks and Lee to "provide notice concerning any [advice of counsel] defense, including a description of the relevant legal advice and/or consultations." (Doc. 205 at 1, 4-6). To support that request, the plaintiff cites cases in which courts considered various pretrial disclosures regarding advice of counsel defenses. In the first case cited by plaintiff, *United States v. Mubayyid*, 05-40026-FDS, 2007 WL 1826067 (D. Mass. Jun. 22, 2007) (unpublished), the district court found that it had "inherent authority to impose disclosure and notice requirements outside the Federal Rules of Criminal Procedure," but denied without prejudice the government's motion for "an order requiring notice in advance of trial of the assertion of an advice-of-counsel defense." *Id.* at \*\*2-3. The court also deferred decision regarding advance notice until other issues were resolved. *Id.* at 2. *Mubayyid* does not support the plaintiff's request in this case.

3

The plaintiff also cites *United States v. Cooper*, 283 F. Supp. 2d 1215 (D. Kan. 2003). In that case, the plaintiff moved under Fed. R. Crim. P. 16(b)(1)(A) for discovery of documents regarding a defendant's advice of counsel defense. Without any significant analysis, the court granted the plaintiff's motion and required disclosure of documents concerning the defense 14 days before trial "if [defendant] intends to raise it at trial." *Cooper*, 283 F. Supp. 2d at 1225. Other courts that have ordered production of documents relating to an advice of counsel defense have required any such production close to the time of trial. *See, e.g., United States v. Burger*, 773 F. Supp. 1419, 1429 (D. Kan. 1991) (ordering documents produced under Rule 16(b)(1) 15 days prior to trial); *United States v. Dallmann*, 433 F. Supp. 3d 804, 816 (E.D. Va. 2020) (10 days prior to trial).

The plaintiff has for some time had notice of the legal opinions and the identities of the lawyers involved with those opinions, and the Court declines to exercise any "inherent authority" to order any further formal pretrial notice of a potential advice of counsel defense or trial strategy at this time. There is no statute, rule, or Tenth Circuit authority requiring that a defendant provide any written notice of an advice of counsel defense or description of consultations with counsel. Plaintiff's motion is denied as to the plaintiff's request for formal notice of defense, "including a description of the relevant legal advice and/or consultations."

However, plaintiff has also moved for production of documents under Rule 16(b)(1), which provides for defendants' reciprocal discovery of documents within their control and which they intend to use in their case in chief. *See* Fed. R. Crim. P. 16(b)(1). Pursuant to Rule 16(b)(1), Parks and Lee "must permit the government . . . to inspect and copy" any other documents relating to any advice of counsel defense *if* such documents are within that defendant's possession, custody, or control and the defendant "intend[s] to use the item in the defendant's case-in-chief at trial." Fed. R. Crim. P. 16(b)(1). The government's motion is granted as to its request for reciprocal document production under Rule 16(b)(1). The Court finds that any such production should be made 14 days before trial.

### III.

The plaintiff's "Motion Concerning any Advice of Counsel Defense" (Doc. 205) is **granted in part and denied in part**, as set forth above. No later than 14 days before trial, defendants Parks and Lee shall produce any documents or other materials within their possession, custody, or control if they intend to use such item(s) in their case-in-chief at trial.

IT IS SO ORDERED this 25th day of July, 2022.

*Christine D. Little*
Christine D. Little
United States Magistrate Judge